United States District Court
District of Massachusetts
Boston Division

William Runnells,
      Petitioner,        **05  1159 RCL**

                    )
      VS.           )          Case No. _____
                    )
                    )
U.S. Parole Commission,    MAGISTRATE JUDGE _____
Warden David Winn, et.al.;  )
      Defendants.           )
                            )

## Petition for Writ of Habeas Corpus

## Pursuant to 28 U.S.C. §2241

Petitioner William Runnells, appearing pro-se, moves the

Court to grant this writ of Habeas Corpus (**28 U.S.C. §2241**) and

reverse the National (U.S. Parole Commission) Appeal thus order

Petitioner released immediately, and in support states:

### Jurisdiction

This Court has original Jurisdiction in the Constitution's

**Articles I-VI; "III §2 Cls. 1-2, and §3 Cl. 1"** and **Amendments**

**1-10** and at **14 et. seq.;** 28 U.S.C. **§2241.**  Venue, Petitioner is

in this District and Defendants have and/or conduct their business

affairs in this Federal District by and through George W. Bush,

et. al.

### Issue Presented

Whether defendants violated Petitioner's rights to basic

due process at his parole revocation hearing and in the U.S. Parole

Commission's Nation Appeal through denying Petitioner the right

to call witnesses, present evidence, challenge government evidence,
and reopened Petitioner's original sentence proceeding without
due process and a fair trial by creating new restrictions and
new language thus exceeded the government's and Court's Constitutional
Powers in violation of U.S. Constitution **Article III §2 Cls. 1,
2, and 3** and **Amendments 1, 4, 5, 6** in light of **Morrissey Vs. Brewer,
408 U.S. 471, 33 L.Ed 2d 484 (1972);** **U.S. vs. Taveras, 380 F.3d
532 (1st Cir. 2004).**

## Statement of the Case

The U.S. Parole Commission revoked this 64 year old first
time offender's parole on Sept. 2/04.  The Court in Virginia ordered
the Petitioner held without bail, although the government and
Court both knew Petitioner is in critically poor health from a
liver transplant.  Petitioner's case history is one promoted by
governmental politics in Washington related to the Saving & Loans
hype from the 1980s and 1990s, which made the once prominent mortgage
banker and his entire family political targets via manipulation
from Washington, D.C.

Petitioner, his wife, his children, and even his elderly
mother were political targets and went to prison, as does almost
100% of everyone who demands jury trial rights, as this Petitioner
and his wife did.  Both Petitioner and his wife, as "first time"
offenders went to prison for 10 years, solely because they demanded
a jury trial.  Demanding or invoking constitutional rights should
not imperal a citizen's life and future whom only seek  a trial
by jury, but that's the facts of the injustice system in Federal
Courts today.

The government revoked the Petitioner's Parole (30 YEARS) and refused to allow Petitioner to call his witnesses, present evidence and refused to substantiate the bare conjecture used to revoke his Parole.  The Parole Revocation Hearing was factually a Sham Transaction and not in good faith.  The Government and Court in Virginia changed clear language and added surplus language to cause the "alleged violation" based upon politics, not actual new misconduct and/or new criminal conduct.

The U.S. Parole Commission's National Appeal was denied on February 9, 2005.  Thus all exhaustion is completed for the purpose of access to the Court in this "Administrative Ruling."

## Factual Resume

Decision U.S. Parole Commission, National Appeal Record:

## Dated February 9, 2005

As a result of the hearing conducted on November 27, 2004, the following action was ordered:

## Local Revocation

Revoke Parole.  All of the time spent on parole shall be credited. Continue to a presumptive re-parole September 1, 2006 after service of 24 months.  This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan.  The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled.  In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date.  If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress

3

Report for the Commission's consideration.  If the Commission

has requested that a current psychological or psychiatric report

be prepared for this review, it also should be attached.

In addition, you shall make a full and complete disclosure of

your financial and business activities, as required by the U.S.

Probation Officer.  You shall submit to an audit of your personal

and business financial records, as requested by your U.S. Probation

Officer.

You shall comply with all I.R.S. reporting and financial obligations

and provide proof of meeting all I.R.S. obligations to your U.S.

Probation Officer as requested.

You shall be subject to the Special Employment Restriction Condition(s).

You are not to be employed in a fiduciary capacity without the

prior approval of your U.S. Probation Officer.

You shall not be employed in any position that requires you to

handle money or authorize funds to be disbursed, unless your employer

is first notified of your conviction and the circumstances thereof

and with the approval of your U.S. Probation Officer.

You shall refrain from engaging directly in the occupational activity

in which you were engaged when you committed  the instant offense

violation behavior, namely Wire Bankruptcy Fraud, unless approved

by your U.S. Probation Officer and the U.S. Parole Commission.

You shall obtain full-time, salaried employment, which shall be

verified by your U.S. Probation Officer.  Verification of  employment

shall not be dependent upon any information submitted by you.

You shall not be employed by/with or enter into any business partnerships

with any of your codefendants involved in the instant offense.

You shall not become involved in any business transactions relating

to real estate that includes putting buyers and sellers of businesses

4

together, appraising businesses, doing financial research, or
arrange finance with banks or private investors unless approved
by your U.S. Probation Officer and the U.S. Parole Commission.
Furthermore, you shall make a complete accounting of all personal
and business financial affairs to the U.S. Attorney's Office for
the Eastern District of Virginia in furtherance of the collection
of your outstanding restitution obligations.

**FINDING OF FACT:**

The Commission finds as a fact that you violated conditions of
release  as charged as indicated below:

Charge No. 1 - Violation of Special Condition (Financial Disclosure).

Basis: Your statements, testimony of U.S.P.O. Suter and the documentary
information.

Charge No. 3 - Violation of Special Condition - (You can not become
involved in any business transactions relating to real estate
that includes putting buyers and sellers of businesses together,
appraising businesses, doing financial research, or arrange finance
with banks or private investors unless approved by a U.S. Probation
Officer and the U.S. Parole Commission.)

Basis: Your statements, testimony of U.S.P.O. Suter and the documentary
information.

Charge No. 4 - Failure to Satisfy Court Imposed Financial Obligations.

Basis: Your statements, U.S.P.O. Suter's statements and the restraining
order form the U.S. District Court for the Eastern District of
Virginia - Norfolk Division dated 09-14-2004.

The Commission makes no finding concerning the following charges:

Charge No. 2 - Law Violations: Fraudulent Loan Application a)
For the past two years he rented property in Miami, Florida.  However,
he reported to his U.S.P.O. that his residence is in Virginia;

b) He owns his former Residence in McLean, Virginia, which was

reported to his U.S.P.O. as his current residence and is rented

by Phoenix Method One of America; c) He reported that there were

no outstanding Judgments against him.

Basis: Insufficient evidence.

**REASONS:**

Your Parole violation behavior has been rated as administrative

violation(s) of Category One severity.  Your salient factor score

is 7.  See the attached sheet for an explanation of your individual

Salient Factor Score items.  The table at the bottom represent

the points for Salient Factor Score Item C.  As of 11-02-2004,

you have been in confinement as a result of your violation behavior

for a total of 2 month(s).  Guidelines established by the Commission

indicate a customary range of 0-8 months to be served before release.

After review of all relevant factors and information, a decision

above the guidelines is warranted because you are a more serious

risk than indicated by the Salient Factor Score due to the ongoing

and repetitive deception that you demonstrated towards supervision

officials and Government officials assigned to collect the outstanding

restitution ordered by the Court.  Specifically, you repeatedly

lied to your supervision officers regarding the scope of the activities

of Rainmaker Business Consultants and your specific involvement

in these activities.   You also provided false information relative

to this during a deposition.  In addition, despite repeated instructions

from your U.S.P.O. and specific prohibition ordered by the Commission,

you continued to engage in repeated real estate transactions and

failed to disclose this activity to your U.S.P.O.  Also, you concealed

significant fund from Government officials entrusted to collect

restitution.  Your original offense behavior involved the defrauding

of numerous victims in excess of $50,000,000 and the use of extensive fraudulent means to avoid apprehension. The Commission views your behavior under supervision as evidence that you will continue to use sophisticated means to thwart Government efforts to enforce the Court's obligation and to appropriately supervise you. The Commission recognizes your substantial medical ailments. However, it does not believe that these will necessarily prevent similar conduct once released again to the community. Given the ongoing and repetitive nature of your lack of compliance, the Commission believes that incarceration is the most effective deterrent against similar conduct.

In addition, you have also been scheduled for a statutory interim hearing during November 2006.

The above decision is appealable to the National Appeals Board pursuant to **28 C.F.R. 2.26.**

You may obtain appeal forms from your caseworker or U.S. Probation Officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing Court. You are responsible for advising any other you wish to notify.

### Argument

The Defendants increase in Parole from, if actual guilt did exist, would have been 6 months or continuation with reprimand. The Parole Commission at the revocation hearing violated Petitioner's due process rights by creating add-on language to justify revocation without proper notice; denied Petitioner the right to present

7

And call witnesses and evidence and refused t allow Petitioner the right to challenge the

government's version. The government used bare conjecture to create a case, not factual

evidence and misrepresented those portions that were partially correct into false

statements.

Despite his age (64 ) and compromised health (petitioner is a liver transplant

survivor) petitioner made every effort to be productive and to repay the restitution that

had been imposed on him. His various probation officers were aware of his activities and

had approved them. His probation officers were aware that friends and family were

helping the petitioner to reestablish himself, since he had no financial resources or credit

with which to start over. Petitioner found himself in a strange situation where the same

business activities that were approved of by his probation officer were used as grounds

for charging him with violation of his parole. Petitioner asked for, but was denied

permission to call witnesses who could and would have corroborated his innocence.

The Court is asked to review the entire record and then order that the Parole

Conditions exceeded the Government's authority and amount to Cruel and Unusual

Punishment. **U.S.C.A.A. 8.**

Finally, the increase in punishment from 6 months to 24 months was not justified

under the facts of this case. And the revocation of Parole violated minimum due process

as set out in this Circuit.  See **U.S. vs. Taveras, 380 F.3d 532 (1ˢᵗ Circ. 2004) and**

**Morrissey vs. Brewer, 408 U.S. 471 (1972).**


The Taveras Court stated:

"—defendants at (parole) proceedings are still entitiled to basice

Due process protections." i.d. **408 U.S. at 480**

—One of these **rights** is the right to confront witnesses (present evidence) unless

The hearing officer specifically finds good cause for not allowing

confrontation. "i.d. **380 F.3d at 536.**


Petioner was flatly refused to call witnesses, examine factual evidence, records

and government's alleged witnesses without good cause.  In fact without any cause,

except to stop a factual record that would dispute the government's conjecture and

silence the record thereof.  The conduct of Defendants clearly violated Federal Rule of

Criminal Procedure ( **F.R.CR.P.) Rules 32.1 (b) (2) (c) and 18 U.S.C.  3583 (e).** and

requires the Court to Reverse the U.S. Parole Commission's National Appeal concluding

with prejudice.

**Sua Sponte:**  The Court must now, in light of, **US. Vs. Booker/Fanfan 160 L.Ed**

**2d (Jan 12, 2005)** and its plenary jurisdiction, conclude  **6ᵗʰ Amendment** rights into

reopening judgments in Criminal cases as per-se, this is fact finding by the Government

and Court without the benefit of ajury trial as it applies to add-on new restitutions i.e.

punishments or enhancements.

## Conclusion

Petitioner moves the Court for oral arguments and/or to VACATE the

Defendants's Parole Order and/or VACATE the complete sentence, conviction and

restitution order after evidence, witnesses and fact records before the Court and/or a jury

trial, if such jury trials are deamed appropriate under **Booker;  Fanfan; Blakely vs.**

**Washington, 159 L.Ed 2nd (2004);** and other just and appropriate relief as established

due process;  equal protection; confrontation; cruel and unusual punishment;  access to

the Court;  illegal search and seizures; escessive fines clause; fair trials and grand juries.


Respectfully submitted,


William Runnells 22491-083

P.O. Box 879
Ayer, MA 01432