UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM RUNNELLS        )
                        )
        V.              )    CIVIL ACTION NO. 1:05-CV-1159-RCL
                        )
U.S. PAROLE COMMISSION, )
et. al.

## UNITED STATES'S OPPOSITION TO PETITION FOR HABEAS CORPUS

The petitioner, William Runnells, has moved, pursuant to 28 U.S.C. §2241, for release from custody on the ground that the United States Parole Commission denied him certain rights in his parole revocation hearing. The United States opposes his petition.

### Facts

The petitioner, William Runnells, was sentenced by the United States District Court for the Eastern District of Virginia on January 28, 1991 to an aggregate sentence of 40 years. (Exhibit 1, sentence monitoring computation data.) This aggregate was composed of a 5 year term for conspiracy, false tax returns, criminal contempt, bankruptcy fraud, and obstruction of justice; a 5 year consecutive term for wire fraud, bankruptcy fraud and obstruction of justice; a 28 year consecutive term for racketeering activities affecting interstate commerce and conspiracy; and a 2 year consecutive term for false statements. (Exhibit 1.) Petitioner's offense arose out of his establishment and running of a corporation called "Landbank," which mortgaged properties held by persons who could not keep up with their loans, at rates up to 30% interest, then resold these loans to Fannie Mae corporation and other lenders. The total losses to victims were in excess of $52 million.

The U.S. Parole Commission ordered petitioner paroled from this sentence on March 28,

2000, after service of 120 months (i.e., at parole eligibility). (Exhibit 2, notice of action.) This date was later retarded by 30 days for disciplinary infraction. (Exhibit 3, notice of action.) Petitioner was paroled on April 27, 2000, and was to remain under parole supervision until March 28, 2030. (Exhibit 4, certificate of parole.)

On August 31, 2004, the Commission issued a warrant charging petitioner with violating the conditions of parole by violating his special financial disclosure condition of parole by making a false loan application; by violating the law (making a false loan application); and by violating the special condition of his parole that he not become involved in real estate transactions. (Exhibit 5, warrant application.) The warrant was executed on September 2, 2004. (Exhibit 6, warrant return.)

Petitioner received a preliminary interview on September 22, 2004.[1] (Exhibit 7, summary report of preliminary interview.) At that time, he denied all three charges, and indicated that his retained attorney would identify both adverse witnesses she desired the Commission to subpoena, as well as voluntary witnesses that she would present. (Exhibit 7, p. 11.)

On October 1, 2004, the Commission supplemented the warrant with an additional charge of failure to satisfy court-imposed financial obligations. (Exhibit 8, supplement to warrant application.) This charge arose from petitioner's failure to substantially pay the $500,000 restitution ordered by the sentencing judge, towards satisfaction of which he had paid only $6917. (Exhibit 8.) Additional support for this charge was found in a restraining order which had been entered by the sentencing court on September 16, 2004. (Exhibit 9, restraining order.)

---

[1] The hearing officer explained in the summary that a hearing was scheduled originally for September 9, 2004, but had to be postponed because petitioner had been moved from the Eastern District of Virginia to Norfolk, Virginia for a civil matter, and did not return to the Eastern District until September 20, 2004. (Exhibit 7, p. 2.)

By letter dated November 9, 2004, the Commission informed petitioner's counsel of the date and time of the hearing, and of the adverse witness whom the Commission would be producing (Cynthia Suter, petitioner's supervising U.S. Probation Officer). That letter also disclosed copies of documentary evidence. (Exhibit 10, letter.)

The Commission conducted a local revocation hearing for petitioner on November 27, 2004 at the Alexandria (Virginia) Detention Center. (Exhibit 11, hearing summary.) Petitioner appeared with retained counsel, and USPO Suter appeared as an adverse witness. Petitioner had intended to produce his wife (Marika Williams) as a voluntary witness, but jail officials did not allow her to enter the facility. Petitioner's counsel proferred that she would have testified regarding petitioner's change in behavior since having a liver transplant in 2002 (*i.e.*, not with regard to the violation charges). (Exhibit 11, p. 1.) The hearing examiner gave an opening statement at the hearing, which included questions to petitioner and his counsel to discern whether they were ready to proceed with the hearing, identification of the adverse witnesses subpoenaed by the Commission, and questions regarding whether there any additional adverse witnesses who had been requested and were not listed by the hearing examiner. (See Exhibit 12, examiner's copy of opening statement checklist.) Note that neither petitioner nor his counsel stated that there were additional adverse witnesses whose presence they desired at the hearing. (Exhibits 11 and 12.) The Commission found petitioner to have violated the conditions of parole on charges 1, 3 and 4: violation of the special condition for financial disclosure, violation of the special condition to not become involved in real estate business transactions, and failure to satisfy court-imposed financial obligations. (Exhibit 13, notice of action.) The applicable guideline range was 0-8 months, and the Commission departed above this range, ordering that

petitioner serve 24 months to September 1, 2006 prior to reparole. (Exhibit 13.) The Commission provided the following reasons for departing from the guidelines:

> After review of all relevant factors and information, a decision above the guidelines is warranted because you are a more serious risk than indicated by the Salient Factor Score due to the ongoing and repetitive deception that you demonstrated towards supervision officials and Government officials assigned to collect the outstanding restitution ordered by the Court. Specifically, you repeatedly lied to your supervision officers regarding the scope of the activities of Rainmaker Business Consultants and your specific involvement in these activities. You also provided false information relative to this during a deposition. In addition, despite repeated instructions from your USPO and specific prohibition ordered by the Commission, you continued to engage in repeated real estate transactions and failed to disclose this activity to your USPO. Also, you concealed significant funds from the Government officials entrusted to collect restitution. Your original offense behavior involved the defrauding of numerous victims in excess of $50,000,000 and the use of extensive fraudulent means to avoid apprehension. The Commission views your behavior under supervision as evidence that you will continue to use sophisticated means the thwart Government efforts to enforce the Court's obligation and to appropriately supervise you. The Commission recognizes your substantial medical ailments. However, it does not believe that these will necessarily prevent similar conduct once released again to the community. Given the ongoing and repetitive nature of your lack of compliance, the Commission believes that incarceration is the most effective deterrent against similar conduct.

(Exhibit 13.)

Petitioner filed through separate counsel, an administrative appeal of this decision. (Exhibit 14, appeal.) Note that petitioner's appeal did not assert a claim that there had been a procedural defect in the proceedings before the Commission, nor that the right to call witnesses, present evidence and/or challenge the evidence before the Commission had been denied. (Exhibit 14.)

The Commission's National Appeals Board affirmed the Commission's decision, rejecting petitioner's claims on appeal. (Exhibit 15, notice of action on appeal.)

Claim Presented

Petitioner claims that the Commission violated his due process rights by allegedly

depriving him of the right to call witnesses, the right to present evidence, and the right to challenge the information before the Commission. He further alleges that the Commission "reopened Petitioner's original sentence proceeding without due process and a fair trial by creating new restrictions (by which he appears to mean: special conditions of parole) and new language thus exceeding the government's and Court's Constitutional powers".

Argument

Petitioner's claims should be dismissed for failure to exhaust administrative remedies.

The parole statute and regulations provide detailed procedures for the revocation of a parolee's parole as part of the overall statutory scheme. See 18 U.S.C. § 4214 and 28 C.F.R. §§ 2.44-2.52. After completion of those procedures, including the decision of the Parole Commission regarding whether or not to revoke the parole, the parolee may appeal the decision to the Parole Commission's National Appeals Board pursuant to 18 U.S.C. § 4215 and 28 C.F.R. § 2.26. Such an appeal constitutes exhaustion of the parole administrative remedies.

Exhaustion of administrative remedies is a prerequisite to filing for habeas corpus relief under 28 U.S.C. §2241. See McKart v. United States, 395 U.S. 185, 194-95 (1969); Rogers v. United States, 180 F.3d 349, 357 (1st Cir. 1999)(affirming district court's dismissal of habeas petition for failure to exhaust Bureau of Prisons' administrative remedies); United States. v. Levy, 897 F.2d 596 (1st Cir. 1990); Gonzalez v. Perrill, 919 F.2d 1 (2nd Cir. 1990); U.S. ex rel Sanders v. Arnold, 535 F.2d 848 (3d Cir. 1976); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996)(failure to exhaust constitutes procedural default); Martin v. Catalanotto, 895 F.2d 1040, 1043 (5th Cir. 1990); Perez-Perez v. Hanberry, 781 F.2d 1477 (11th Cir. 1986); United States v. Mathis, 689 F.2d 1364 (11th Cir. 1982); Ruviwat v. Smith, 702 F.2d

5

844 (9th Cir. 1983); Clonce v. Presley, 640 F.2d 271 (10th Cir. 1981); Bowen v. U.S. Parole Com'n, 805 F.2d 885, 888 (9th Cir. 1986)(court will not consider new arguments not raised before administrative tribunal); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986)("Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus.")  The Supreme Court has observed that the circumvention of the administrative process diminishes the effectiveness of an agency by encouraging prisoners to ignore its procedures.  See McKart v. United States, 395 U.S. 185, 195 (1969). The exhaustion requirement applies in revocation cases as well as other parole cases.  See, e.g., Tatum v. Christensen, 786 F.2d 959, 964 (9th Cir. 1986).

It is also settled that the failure to raise a particular issue before an administrative agency amounts to failure to exhaust administrative remedies as to that issue, precluding presenting it in litigation.  See Merki v. Sullivan, 853 F.2d 599, 600-01 (8th Cir. 1988 (failure to raise claim with Parole Commission's National Appeals Board "procedurally barred" claim before district court);) Director v. North American Coal, 626 F.2d 1137, 1143 (3d Cir. 1980); Citizens Against Refiners v. EPA, 643 F.2d 178 (4th Cir. 1981);. Although he filed an administrative appeal of the Commission's revocation decision (exhibit 14), petitioner has failed to exhaust his administrative remedies because he failed to raise the claim he makes in this petition.  Indeed, petitioner had several opportunities to do what he claims he has been prevented from doing (calling witnesses): at the time of his preliminary interview, he was given a form on which to request witnesses (see exhibit 7); his attorney did not request any witnesses; at his revocation hearing, the examiner specifically questioned him regarding any other witnesses he might desire, and he did not request any witnesses (exhibits 11 and 12); and finally, he did not complain of the alleged procedural

defect in his administrative appeal (exhibit 14). Petitioner's claims are clearly new, presented for the first time in habeas litigation. Accordingly, the petition must be dismissed for failure to exhaust administrative remedies.

Petitioner's request that the court declare that the special parole conditions imposed on him by the Commission "exceeded the Government's authority and amount to Cruel and Unusual Punishment" should be denied. The U.S. Parole Commission is authorized by its implementing statute to impose such special conditions of parole as it deems warranted, so long as such conditions are "reasonably related to–(1) the nature and circumstances of the offense; and (2) the history and characteristics of the parolee; and may provide for such supervision and other limitations as are reasonable to protect the public welfare." 18 U.S.C. §4209(a). Furthermore, the Commission's authority to impose such special conditions of parole is well-settled in the law. *E.g.,* Bagley v. Harvey, 718 F.2d 921 (9th Cir. 1983)(special conditions of parole must be sustained by court if there is a rational basis in the record for them);Birzon v. King, 469 F.2d 1241, 1243 (2d Cir. 1972)(Parole Commission has duty and right to ensure rehabilitation goal is not frustrated and that public is protected from further criminal acts of parolee, may do so through imposition of special parole conditions).

The conditions the Commission imposed on petitioner required him to disclose his financial and business activities to his Probation Officer, to comply with IRS reporting and financial obligations, to not be employed in a fiduciary capacity without prior approval of his Probation Officer, to not be employed in a job involving disbursement of funds without notifying his employer of his fraud and other convictions, to not engage in the occupational activity in which he was involved when he committed his offense, to obtain full-time salaried employment,

and to refrain from involvement in business transactions related to real estate without approval of his Probation Officer and the U.S. Parole Commission. (Exhibit 4, pp. 3-4.) These conditions were reasonably related to his criminal conduct of defrauding numerous people of millions of dollars through real estate financing transactions. There is clearly a rational basis in the record to support the special conditions of parole. Bagley, *supra*. Conditions prohibiting supervisees from returning to the employment or other activities in the context of which their crimes were committed have been routinely upheld by courts. *E.g.*, Whaley v. United States, 324 F.2d 356, 359 (9th Cir. 1963)(upholding condition prohibiting probationer who impersonated FBI agent prohibited from re-entering repossession business); Bricker v. Michigan Parole Board, 405 F.Supp. 1340 (E.D. Mich. 1975)(upholding condition barring parolee from employment with company allegedly involved in organized crime); United States v. Schiff, 876 F.2d 272 (2d Cir. 1989)(upholding condition prohibiting person convicted of attempted tax evasion from associating with persons who encourage tax evasion); United States v. Tonry, 605 F.2d 144, 151 (5th Cir. 1979)(upholding condition prohibiting candidacy for office and participation in political activities). Petitioner appears to believe that because he has been released on parole, he is no longer subject to jurisdiction of the Parole Commission, and may act as he wishes unencumbered. This view of the matter is incorrect; to the contrary, parole is a continuation of service of the original sentence. As the court noted in Hyser v. Reed, 318 F.2d 225, 235 (D.C.Cir. 1963), a parolee has already lost his freedom by due process of law through his conviction, and "while paroled, he is still a convicted prisoner whose tentatively assumed progress towards rehabilitation is in a sense being 'field tested.'" *See also* Morrissey v. Brewer, 408 U.S. 471, 483 (1972)(("The State has found the parolee guilty of a crime against the people.

That finding justifies imposing extensive restrictions on the individual's liberty. Release of the parolee before the end of his prison sentence is made with the recognition that with many prisoners there is a risk that they will not be able to live in society without committing additional antisocial acts.")

Conclusion

For the foregoing reasons, the petition for habeas corpus should be denied and the case dismissed.

Respectfully submitted,

| | |
|---|---|
| ROCKNE CHICKINELL | MICHAEL J. SULLIVAN |
| General Counsel | United States Attorney |
| U.S. Parole Commission | |
| | By: /s/ S. Theodore Merritt |
| SHARON GERVASONI | S. THEODORE MERRITT |
| Assistant General Counsel | Assistant U.S. Attorney |
| Of Counsel | |

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

William Runnells
P.O. Box 879
Ayer, MA 01432

This 10th day of August, 2005.

/s/ S. Theodore Merritt
S. THEODORE MERRITT
ASSISTANT UNITED STATES ATTORNEY

9

## CERTIFICATE

I, SHARON GERVASONI, Attorney in the Office of General Counsel, United States Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland, 20815, certify that the attached documents are true copies of documents contained in the parole file of **William Runnells,** Register Number **22491-083,** reviewed by me on the date stated below.

IN WITNESS WHEREOF, I have signed this 3rd day of August, 2005, and have affixed the seal of the United States Parole Commission.

Sharon Gervasoni
Assistant General Counsel
U.S. Parole Commission

